MR. JUSTICE SHEEHY,
dissenting:
I dissent.
I would affirm the decision of the District Court in this case, especially because after remand and a further trial, it appears to me that the results will be about the same.
My interpretation of the majority opinion is that it does the following things: (1) denies recovery for rescission because of laches; (2) permits recovery for breach of contract: (3) permits recovery for constructive fraud; (4) denies recovery for a breach of the implied covenant of good faith; and (5) denies recovery for attorneys fees.
On remand, the cause will be submitted in a new trial on issues of breach of contract and constructive fraud. A breach of contract action of course, sounds in contract. On the other hand, a constructive fraud action sounds in tort. Whether in contract or in tort, the Mc-Gregors should be able to recover their payments to the Cushmans in the sum of $78,323. That amount was awarded in the first trial. In addition, because constructive fraud is also a basis for recovery, the rules relating to tort damages apply. In Gibson v. Western Fire Insurance Company (Mont. 1984), [210 Mont. 267,] 682 P.2d 725, 41 St.Rep. 1048, we held that the statutory allowance for recovery of damages in tort cases, for all detriment proximately caused by a tortfeasor, would allow recovery for amounts other than simply the amount of the actual damages, as for example economic loss and emotional distress. Gibson v. Western Fire Insurance Company was, of course, a bad faith action. However, by analogy, since Gibson de *113 fined the elements of damages in tort cases, we would eventually hold that emotional distress is an element of recovery in proper cases for damages in tort, which would include a constructive fraud case.
It is clear to me, that in making the representation respecting net profit, Cushmans were guilty of at least constructive fraud, if not actual fraud. It appears to me that a new trial will result in at least the same amount of damages as were awarded earlier and that remand for retrial in this case is a waste of judicial resources, and an unfair imposition upon a plaintiff who has the right to recover. Therefore, I would affirm.